1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **ANA SOLIZ,** *et al.*, | **1:12-CV-00841-LJO-JLT** |
| **Plaintiffs,** | **ORDER RE UNOPPOSED MOTION TO DISMISS (DOC. 7)** |
| **v.** | |
| **CITY OF BAKERSFIELD,** *et al.*, | |
| **Defendants.** | |

**I. INTRODUCTION**

This civil rights/wrongful death action concerns the fatal shooting of John J. Soliz, Jr.

("Decedent") on the evening of May 22, 2010 by Bakersfield Police Department Officer Timothy

Berchtold, who was responding to a call that Mr. Soliz was threatening to kill himself. Doc. 1. Named

Plaintiffs are: Ana Soliz, Decedent's mother; and Dominique Soliz, Johnique Soliz, and Monique Soliz,

Decedent's sisters. *Id*. The Complaint asserts a Fourth Amendment excessive force claim under 42

U.S.C. § 1983, a claim for damages under California Civil Code § 52.1, as well as state law wrongful

death and negligence claims against the City of Bakersfield (the "City"), its Police Department, and

Officer Berchtold. *Id*.

Before the Court for decision is Defendants' motion to dismiss pursuant to Fed. R. Civ. Pro.

12(b)(6). Doc. 7. Defendants advance the following arguments:

(1) All of the state law claims against all Defendants should be dismissed due to

1

Plaintiffs' failure to allege compliance with the California Tort Claims Act, Cal. Gov. Code § 9;

(2) Plaintiffs Johnique and Monique Soliz's state law causes of action should be dismissed for failure to timely present tort claims to the City;

(3) Because Plaintiffs Johnique and Monique Soliz failed to timely file tort claims with the City, they are precluded from advancing state law claims against the individual defendants;

(4) Plaintiffs do not have standing to sue because Decedent has a surviving son and Ana Soliz (the mother of Decedent), who might be entitled to sue if she was financially dependent upon decedent, has not alleged such dependence; and

(5) Because 42 U.S.C. § 1983 excessive force claims are personal rights which may not be vicariously asserted, the federal claim may only be pursued by a person who is the rightful successor in interest to Decedent's estate. Therefore, because Decedent has a surviving son, "there is significant doubt cast upon" Plaintiffs' self-identification as successors in interest and no Plaintiff has filed an affidavit under Cal. Civ. Pro. § 377.32 (requiring of any person who seeks to commence an action as the successor in interest to execute and file an affidavit or declaration stating, among other things, that the affiant is "the decedent's successor in interest," and "no other person has a superior right to commence the action or proceeding….").

Plaintiffs failed to timely file any opposition to the motion, so are not entitled to be heard in opposition to the motion or at oral argument pursuant to Local Rule 230(c). Because the issues are clearly defined, the Court VACATES the hearing on this motion, currently set for August 27, 2012, and decides the matter on the pleadings pursuant to Local Rule 230(g).

2

## II. <u>LEGAL STANDARD</u>

A motion to dismiss pursuant to Fed R. Civ. P. 12(b)(6) is a challenge to the sufficiency of the allegations set forth in the complaint. A 12(b)(6) dismissal is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balisteri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). In considering a motion to dismiss for failure to state a claim, the court generally accepts as true the allegations in the complaint, construes the pleading in the light most favorable to the party opposing the motion, and resolves all doubts in the pleader's favor. *Lazy Y. Ranch LTD v. Behrens,* 546 F.3d 580, 588 (9th Cir. 2008).

To survive a 12(b)(6) motion to dismiss, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. 544, 555 (2007) (internal citations omitted). Thus, "bare assertions ... amount[ing] to nothing more than a 'formulaic recitation of the elements'... are not entitled to be assumed true." *Iqbal*, 129 S. Ct. at 1951. A court should "dismiss any claim that, even when construed in the light most favorable to plaintiff, fails to plead sufficiently all required elements of a cause of action." *Student Loan*

3

1    *Marketing Ass'n v. Hanes*, 181 F.R.D. 629, 634 (S.D. Cal. 1998). In practice, "a complaint ... must

2    contain either direct or inferential allegations respecting all the material elements necessary to sustain

3    recovery under some viable legal theory." *Twombly*, 550 U.S. at 562. To the extent that the pleadings

4    can be cured by the allegation of additional facts, the plaintiff should be afforded leave to amend. *Cook,*

5    *Perkiss and Liehe, Inc. v. Northern California Collection Serv. Inc.*, 911 F.2d 242, 247 (9th Cir. 1990)

6    (citations omitted).

7

8                                        **III. DISCUSSION**

9    **A.    FAILURE TO ALLEGE COMPLIANCE WITH THE CALIFORNIA TORT CLAIMS**

10            **ACT.**

11            Generally, to state a tort claim against a public entity or employee under California law, a

12   plaintiff must allege compliance with the California Tort Claims Act ("CTCA") or circumstances

13   excusing compliance. *Mangold v. California Pub. Utils. Comm'n,* 67 F.3d 1470, 1477 (9th Cir.1995)

14   (*citing Snipes v. City of Bakersfield,* 145 Cal. App. 3d 861 (1983)). Here, Plaintiffs have failed to

15   include any information about compliance with the CTCA in their Complaint. Defendants' motion to

16   dismiss all of the state law claims (all of which, including the claim brought under Cal. Civil Code §

17   52.1, *Williams v. City of Antioch*, 2010 WL 3632199 (N.D. Cal. Sept. 2, 2010), are subject to the claim

18   presentation requirement of the CTCA) is GRANTED WITH LEAVE TO AMEND.[1]

19

20   **B.    FAILURE TO COMPLY WITH THE CALIFORNIA TORT CLAIMS ACT.**

21            The CTCA requires presentation of any claim for money damages against a public entity based

22   upon personal injury within six (6) months of accrual of the cause of action. Cal. Gov. Code § 911.2(a).

23   Plaintiffs do not dispute Defendants' assertion that Plaintiffs Johnique and Monique Soliz have failed to

24   timely present tort claims to the City. Accordingly, Defendants' motion to dismiss Johnique and

25

26

27   ─────────────────

28   [1] The record implies that certain Plaintiffs did timely file claims with the City, but their failure to so allege requires dismissal
     with leave to amend, should those Plaintiffs' claims be otherwise viable consistent with Fed. R. Civ. P. 11.

1    Monique Soliz's state law claims is GRANTED WITH LEAVE TO AMEND.[2]

2         This ruling applies with equal force to any state law claims advanced by these two Plaintiffs

3    against any individual Defendant employee of the named public entities. *See Watson v. State of*

4    *California*, 21 Cal. App. 4th 836, 843 (1993) ("It is well settled that a government claim must be filed

5    with the public entity before a tort action is brought against the public entity or public employee.").

6

7    **C.    STANDING TO BRING STATE LAW WRONGFUL DEATH CLAIM.**

8         Pursuant to C.C.P. § 377.60, the following persons may pursue a cause of action for wrongful

9    death.

10
            (a) The decedent's surviving spouse, domestic partner, children, and issue of deceased
11          children, or, if there is no surviving issue of the decedent, the persons, including the
            surviving spouse or domestic partner, who would be entitled to the property of the
12          decedent by intestate succession.

13          (b) Whether or not qualified under subdivision (a), if they were dependent on the
            decedent, the putative spouse, children of the putative spouse, stepchildren, or parents. As
14          used in this subdivision, "putative spouse" means the surviving spouse of a void or
            voidable marriage who is found by the court to have believed in good faith that the
15          marriage to the decedent was valid.

16                                                    ***

17

18   **1.    Decedent's Sisters.**

19        Under the law of intestate succession in California, the part of the intestate estate not passing to

20   the surviving spouse or domestic partner of the decedent ("remaining intestate estate") passes to any

21   surviving issue of the decedent. Cal. Prob. Code § 6402(a). If there is no surviving issue, the remaining

22   intestate estate passes to "the decedent's parent or parents equally." *Id*. at § 6402(b). Only if there is no

23   surviving issue or parent does the remaining intestate estate pass to the siblings of the decedent. *Id*. at §

24   6402(b). Plaintiffs affirmatively allege that Ana Soliz is Decedent's mother. Therefore, Decedent's

25   siblings are not entitled to any portion of Decedent's estate by intestate succession. They do not have

26   standing to pursue a wrongful death claim on behalf of their brother. Defendants' motion to dismiss the

27

28   ─────────────────────
     [2] There are some narrow exceptions to the statutory deadline. See, e.g., Cal. Gov. Code § 946.6.

wrongful death claims brought by Decedent's sisters, Dominique Soliz, Johnique Soliz, and Monique Soliz, is GRANTED WITHOUT LEAVE TO AMEND.

### 2. **Decedent's Mother.**

Defendants assert that Decedent has a surviving son and therefore that Decedent's mother does not automatically qualify for standing under Cal. Code Civ. Pro § 377.60(a) as the next in line to Decedent's remaining intestate estate. In support of this argument Defendants request that the Court take judicial notice of a tort claim filed with the City on behalf of Joshua James Soliz. *See* Doc. 7-3. The document contains an assertion made by Gueneva Cabraloza, purportedly Joshua's mother, that Joshua is Decedent's son. It is appropriate to take judicial notice of the existence and content of the document, which is a public record, but judicial notice does not establish the truth of the matters asserted therein. *See San Luis & Delta-Mendota Water Auth. v. Salazar*, 686 F. Supp. 2d 1026, 1031 (E.D. Cal. 2009). Therefore, the document only establishes that someone has claimed Joshua to be Decedent's son, not that it is so. Because this is a Fed. R. Civ. P. 12(b)(6) motion, Plaintiffs' allegations are presumed to be true. *Lazy Y. Ranch,* 546 F.3d at 588. Defendants have not established otherwise.[3]

Defendants' motion to dismiss the wrongful death claim brought by Decedent's mother is DENIED WITHOUT PREJUDICE, although the claim has already been dismissed with leave to amend for failure to allege compliance with the CTCA.

### D. **Section 1983 Claim.**

"It is well established that the federally protected rights that are enforceable under § 1983 are 'personal' to the injured party." *Rose v. City of Los Angeles*, 814 F. Supp. 878, 881 (C.D. Cal. 1993). "Accordingly, a § 1983 claim must be based upon the violation of Plaintiff's personal rights, and not the rights of someone else." *Id*. However, under 42 U.S.C. § 1988, a § 1983 claim that accrued before death

---

[3] In light of the above ruling, whether or not Decedent's mother has alleged standing under Cal. Code Civ. Pro. § 377.60(b) as Decedent's dependent need not be decided at this time.

survives the decedent where state law authorizes a survival action as a "suitable remedy ... not inconsistent with the Constitution and laws of the United States ..." 42 U.S.C. § 1988; *Robertson v. Wegmann*, 436 U.S. 584, 588-90 (1978); *Rose*, 814 F. Supp. at 880.

California law provides for such a survival action. Pursuant to Cal. Code. Civ. Pro. § 377.20(a), "a cause of action for or against a person is not lost by reason of the person's death, but survives subject to the applicable limitations period." "A cause of action that survives the death of the person ... may be commenced by the decedent's personal representative or, if none, by the decedent's successor in interest." Cal. Code Civ. Pro. § 377.30. A " 'decedent's successor in interest' means the beneficiary of the decedent's estate or other successor in interest who succeeds to a cause of action or to a particular item of the property that is the subject of a cause of action." Cal. Code Civ. Pro. § 377.11.

California law requires a plaintiff who commences a survival action (as opposed to a wrongful death action under Cal. Code Civ. Pro. 377.60 discussed above) action as a decedent's "successor in interest" to "execute and file an affidavit or declaration under penalty of perjury, stating: (1) the decedent's name; (2) the date and place of decedent's death; (3) that no proceedings are pending in California for the administration of the decedent's estate; (4) either that the declarant is the decedent's successor in interest or is authorized to act on behalf of the decedent's successor in interest; and (5) that no other person has a superior right to commence the action or proceeding for the decedent." *Dillard v. Curtis*, 2004 WL 2496130, *7 (N.D. Cal. Nov. 3 2004) (discussing Cal. Code Civ. Pro. § 377.32(a), (b)). A certified copy of the death certificate must be attached, and, "if the decedent's estate was administered, a copy of the final order showing distribution of the decedent's cause of action to the successor in interest" must also be attached. Cal. Code Civ. Pro. § 377.32(a)(4), (c). "Although Civil Procedure Code 377.32 is a rule of California (not federal) procedure, it seems to set a minimum threshold below which a person claiming to be a 'successor in interest' should not be permitted to slip...." *Dillard*, 2004 WL 2496130 at *7; *see also Garcia v. Adams*, 2006 WL 403838, *11 (E.D. Cal.

Feb. 17, 2006). The party seeking to bring a survival action bears the burden of demonstrating that a particular state's law authorizes a survival action and that the plaintiff meets the statute's requirements for bringing a survival action. *Moreland v. City of Las Vegas Metro. Police Dept.*, 159 F.3d 365, 369 (9th Cir. 1998).

There are no allegations in the complaint addressing the information required under Cal. Code Civ. Pro. § 377.32, nor does the record otherwise contain the necessary declaration or constituent parts. Therefore, Defendants' motion to dismiss the Section 1983 claim is GRANTED WITH LEAVE TO AMEND as to Decedent's mother, Ana Soliz. As discussed above, the allegation in the complaint that Decedent has a surviving mother precludes Dominique, Johnique, and/or Monique Soliz from qualifying as successors in interests. Therefore, the Section1983 claim is DISMISSED WITHOUT LEAVE TO AMEND as to Decedent's three sisters.

## IV. <u>CONCLUSION</u>

For the reasons set forth above, Defendants' unopposed motion to dismiss is GRANTED IN PART AND DENIED IN PART as follows:

(1) The motion to dismiss all state law claims brought by all Plaintiffs is GRANTED WITH LEAVE TO AMEND for failure to allege compliance with the CTCA;

(2) The motion to dismiss all state law claims brought by Johnique and Monique Soliz is GRANTED WITH LEAVE TO AMEND for failure to timely file a tort claim;

(3) The motion to dismiss the wrongful death claims brought by Dominique, Johnique, and Monique Soliz is GRANTED WITHOUT LEAVE TO AMEND for lack of standing.

(4) The motion to dismiss the wrongful death claim brought by Ana Soliz is DENIED WITHOUT PREJUDICE, although the claim has been dismissed with leave to amend on other grounds.

(5) The motion to dismiss the Section 1983 survival action is GRANTED WITH LEAVE TO

1   AMEND as to Ana Soliz, but WITHOUT LEAVE TO AMEND as to Dominique, Johnique, and

2   Monique Soliz.

3       The total absence of any opposition has not gone unnoticed. This Court is much too busy to act

4   as Plaintiffs' counsel's brief writer. Plaintiffs may amend only if they have valid grounds to plead

5

6   around the reasons upon which this motion to dismiss was granted.

7       Plaintiffs shall have until September 10, 2012 to file an amended complaint consistent with

8   counsel's obligations under Fed. R. Civ. P. 11. This will be Plaintiffs' final opportunity to amend.

9

10

11  IT IS SO ORDERED.

12

13  Dated:   **August 20, 2012**                    **/s/ Lawrence J. O'Neill**
                                                    UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

9