1
2
3
4
5
6

**UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

7
8

| | |
|---|---|
| **ANA SOLIZ,** *et al.*, | **1:12-CV-00841-LJO-JLT** |
| **Plaintiffs,** | **ORDER DISMISSING CASE WITH PREJUDICE FOR FAILURE TO PROSECUTE AND FAILURE TO COMPLY WITH A COURT ORDER** |
| **v.** | |
| **CITY OF BAKERSFIELD,** *et al.*, | |
| **Defendants.** | |

9
10
11
12
13
14

        This civil rights/wrongful death action concerns the fatal shooting of John J. Soliz, Jr.

("Decedent") on the evening of May 22, 2010 by Bakersfield Police Department Officer Timothy

Berchtold, who was responding to a call that Mr. Soliz was threatening to kill himself. Doc. 1. Named

Plaintiffs are: Ana Soliz, Decedent's mother; and Dominique Soliz, Johnique Soliz, and Monique Soliz,

Decedent's sisters. *Id*. The original Complaint asserted a Fourth Amendment excessive force claim

under 42 U.S.C. § 1983, a claim for damages under California Civil Code § 52.1, as well as state law

wrongful death and negligence claims against the City of Bakersfield (the "City"), its Police

Department, and Officer Berchtold. *Id*.

        After Defendants moved to dismiss and Plaintiffs failed to file any opposition or notice of non-

opposition, all of the claims were dismissed, some without and some with leave to amend. *See* Doc. 11.

As to those claims for which leave to amend was permitted, Plaintiff was instructed to file an amended

complaint no later than September 10, 2012. Plaintiffs failed to file any pleading or other document by

1  the deadline. Defendants now move to dismiss the case in its entirety pursuant to Fed. R. Civ. P. 41 for

2  failure to prosecute and failure to comply with a court order. Doc. 12.

3
      Local Rule 110 provides that "[f]ailure of counsel or of a party to comply with these Rules or
4
   with any order of the Court may be grounds for imposition by the Court of any and all sanctions ...
5
   within the inherent power of the Court." District courts have the inherent power to control their dockets
6
7  and "in the exercise of that power, they may impose sanctions including, where appropriate ... dismissal

8  of a case." *Thompson v. Housing Auth*., 782 F.2d 829, 831 (9th Cir. 1986). A court may dismiss an

9  action, with prejudice, based on a party's failure to prosecute an action, failure to obey a court order, or

10 failure to comply with local rules. *See, e.g. Ghazali v. Moran*, 46 F.3d 52, 53–54 (9th Cir.1995)

11 (dismissal for noncompliance with local rule); *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260–61 (9th Cir.

12
   1992) (dismissal for failure to comply with an order requiring amendment of complaint); *Carey v. King*,
13
   856 F.2d 1439, 1440–41 (9th Cir. 1988) (dismissal for failure to comply with local rule requiring pro se
14
15 plaintiffs to keep court apprised of address); *Malone v. U.S. Postal Service*, 833 F.2d 128, 130 (9th Cir.

16 1987) (dismissal for failure to comply with court order); *Henderson v. Duncan*, 779 F.2d 1421, 1424

17 (9th Cir. 1986) (dismissal for failure to lack of prosecution and failure to comply with local rules).

18
      In determining whether to dismiss an action for lack of prosecution, failure to obey a court order,
19
   or failure to comply with local rules, the Court must consider several factors: (1) the public's interest in
20
   expeditious resolution of litigation; (2) the Court's need to manage its docket; (3) the risk of prejudice to
21
22 the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability

23 of less drastic alternatives.  *Thompson*, 782 F.2d at 831 (9th Cir. 1986)

24    Here, the public's interest in expeditiously resolving this litigation and the Court's interest in

25 managing the docket weigh in favor of dismissal, as this case has been pending since May 22, 2012, and

26 there is no indication that Plaintiffs intend to prosecute this action. The third factor, risk of prejudice to

27
28 defendants, also weighs in favor of dismissal, since a presumption of injury arises from the occurrence

of unreasonable delay in prosecuting an action. *Anderson v. Air West*, 542 F.2d 522, 524 (9th Cir.1976).

The fourth factor—public policy favoring disposition of cases on their merits—is greatly outweighed by

the factors in favor of dismissal discussed herein. Finally, in light of the fact that Plaintiffs received

notice of Defendant's motion to dismiss pursuant to Rule 41 and Plaintiffs' non-opposition to that

motion, selection of a less drastic alternative is not warranted. Plaintiffs were given an opportunity to

amend their complaint despite the fact that they did not file any opposition to the original motion to

dismiss. They failed to amend and again have failed to oppose a noticed motion to dismiss. They have

not requested and will not be afforded further opportunities to respond or amend.

Accordingly, this case is DISMISSED IN ITS ENTIRETY pursuant to Federal Rule of Civil

Procedure 41 for failure to prosecute and failure to comply with a court order.

**SO ORDERED**
**Dated: September 26, 2012**

**/s/ Lawrence J. O'Neill**
**United States District Judge**
